UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DAVID LAMAR JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action Number |
| ) | **5:19-cv-00722-AKK** |
| ) | |
| **LYN HEAD ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

David Lamar Johnson brings this action alleging the Defendants violated his First, Fifth, Sixth, Eighth and Fourteenth Amendment rights by failing to immediately release him from the Limestone Correctional Facility after granting him parole and for subsequently charging him—wrongfully, he contends—with a parole violation. Doc. 1 at 19-30. The court has for consideration Defendants' motion to dismiss, doc. 25, which has been fully briefed, *see* docs. 29 and 30. For the reasons stated below, the motion is due to be granted.[1]

First, Johnson maintains a claim against the Attorney General based on respondeat superior—contending that the Attorney General is responsible for the

---

[1] The court notes that Johnson failed to address these contentions in his response to the motion, and instead realleged the largely conclusory claims in his complaint. *See* doc. 29. Consequently, Johnson has abandoned these claims, and they are "due to be dismissed on those grounds alone." *See e.g.*, *Collins v. Davol, Inc.*, 56 F. Supp. 3d 1222, 1228 (N.D. Ala. 2014) (citing *Fischer v. Fed. Bureau of Prisons*, 349 F. App'x. 372, 375 n. 2 (11th Cir. 2009)). Alternatively, the claims also fail on their merits.

1

safety and well-being of prisoners and should have known of the violation of Johnson's rights by keeping him incarcerated after the Board of Pardons and Paroles granted Johnson parole. Doc. 1 at 9-11. Respondeat superior liability is not available in a § 1983 action. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1331 (11th Cir. 2007). And, in the absence of any non-conclusory contention that the Attorney General "personally participate[d] in the unconstitutional conduct or there is a causal connection between such conduct and the [Attorney General's] actions," *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1236 (11th Cir. 2010), the claim against the Attorney General fails.[2]

Second, as state officers,[3] the Defendants "may not be sued in [their] official capacity unless the state has waived its Eleventh Amendment immunity or unless Congress has abrogated the state's immunity." *Melton v. Abston*, 841 F.3d 1207, 1233 (11th Cir. 2016). Therefore, because "Congress has not abrogated Alabama's immunity, and Alabama has not waived its Eleventh Amendment Immunity," these Defendants "are immune from claims brought against them in their official capacities." *Id.* at 1234 (citations omitted). Therefore, the § 1983 claims against the

---

[2] The Alabama Board of Pardons and Paroles, through its members, possess "full and complete authority" with respect to the parole process. *See State ex rel. Bridges v. Watters*, 108 So.2d 146, 147 (Ala. 1959); ALA. CODE §§ 15-22-23, 24, 32, 36. And the Department of Correctios and its Commissioner, rather than the Attorney General Marshall, are responsible for administering and exercising control over prisons in this state. ALA. CODE §§ 14-1.1, 1.2, 1.3.

[3] The Attorney General is a constitutional officer of the state of Alabama, *see* ALA. CONST. 1901, §§ 112, 137, and Board members Head, Spurlock, and Walker are also state officials, *see* ALA. CODE § 15-22-20.

Attorney General, Lynn Head, Dewayne Spurlock, and Clifford Walker in their official capacities are due to be dismissed.

Third, Board members Head, Spurlock, and Walker are entitled to quasi-judicial immunity, and are not liable to Johnson for monetary damages. *See Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (stating individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages). *See also Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F. 2d 1307 (11th Cir. 1988); *Cruz v. Skelton*, 502 F.2d 1101, 1101-02 (5th Cir. 1974). Here, Johnson's claims are based on parole determinations or parole revocation actions purportedly undertaken by these parole board members in their decision-making authority. Therefore, Johnson's claims for monetary damages are due to be dismissed.

Fourth, the Defendants are entitled to qualified immunity from suit and monetary damages in their personal capacities for any discretionary actions taken related to Johnson's parole. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Board has complete discretion to grant or deny paroles. *See* ALA. CODE § 15-22-36. To overcome qualified immunity, Johnson must show that the Defendants "(1) violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). Johnson's allegations rest solely on his delayed release from

3

prison after being granted parole and his subsequent parole violation charge. *See* doc. 1 at 19-30. As to the delayed release, the claim fails because "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). *See also Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982). Instead, "[t]hat the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11 (emphasis in original). And, as for the allegedly wrongful parole violation charge, parole may not be revoked without due process. *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972). At minimum, a parolee facing revocation must receive notice and a hearing.[4] But because the parole board declined to revoke Johnson's parole, *see* doc. 1-2 at 78-87, he never lost his freedom,[5] and therefore no liberty interest or due process rights attached. Therefore, in the absence of a constitutional right, these Defendants are entitled to qualified immunity.

---

[4] To revoke, the parolee must receive "(1) written notice of the claimed violations of probation or parole, (2) disclosure to the probationer or parolee of the evidence against him or her, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses, unless the hearing officer specifically finds good cause for not allowing confrontation, (5) a neutral and detached hearing body, and (6) a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation and parole." *Johnson v. State*, 729 So. 2d 897, 898-99 (Ala. Crim. App. 1977) (citing *Morrissey*, 408 U.S. at 481).

[5] Instead of revoking Johnson's parole, the parole board ordered him to report to Montgomery Day Reporting Center. Doc. 1 at 26-27. Alabama law gives the Board explicit authority to release a prisoner on parole with specific instructions and conditions. *See* ALA. CODE § 15-22-29. Moreover, Alabama parolees enjoy no liberty interest in the conditions of their parole, but only in its revocation. *See Morrissey*, 408 U.S. at 481.

Finally, Johnson's request for injunctive or declaratory relief is moot. Equitable relief is a prospective remedy, intended to prevent future injuries. *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir.1997). Johnson is not currently incarcerated and, as such, there is no future injury to prevent. "When the threat of future harm dissipates, the plaintiff's claims for equitable relief became moot because [he] no longer needs protection from future injury." *Id.*

For all these reasons, the motion, doc. 25, is due to be granted. Accordingly, Johnson's case is due to be dismissed. A separate order in conformity with this Memorandum Opinion will be entered.

**DONE** the 29th day of April, 2020.

                                                                                     _____
                                                                                     **ABDUL K. KALLON**
                                                                                     UNITED STATES DISTRICT JUDGE